No. 2708.

Second Circuit

### HEARD v. LINDSEY MERCANTILE CO., INC.

(December 11, 1926.    Opinion and Decree.)

*(Syllabus by the Editor.)*

1.  Louisiana    Digest—Appeal—Par.    625;
    Evidence—Par. 351.

Where the only defense is that there was in fact no transfer of the property and where all the testimony shows that there was and that a valuable and sufficient consideration was given, the plaintiff must be given judgment.

Appeal from the Third Judicial District Court of Louisiana, parish of Union.  Hon. S. D. Pearce, Judge.

Action by J. P. Heard, Jr., against Lindsey Mercantile Co., Inc.

There was judgment for the plaintiff and defendant appealed.

Judgment affirmed.

H. E. Dawkins, of Farmerville, attorney for plaintiff, appellee.

S. L. Digby, of Farmerville, attorney for defendant, appellant.

ODOM, J.    The Lindsey Mercantile Company had seized under a writ of fi. fa. two mules as the property of J. T. Cole. Subsequent to the seizure, the plaintiff, Heard, enjoined the sale of the mules on the ground that they were his property, he having purchased them from Cole previous to the seizure, paying a valuable consideration therefor.

The Lindsey Mercantile Company, in answer, alleged that the mules were the property of Cole at the time of the seizure, and especially denied that there was a sale of the mules by Cole to Heard.

There was judgment in the District Court in favor of Heard, decreeing him to be the owner of the mules and perpetually enjoining and restraining the Lindsey Mercantile Company from proceeding with the sale.

The defendant has appealed.

### OPINION.

The evidence discloses that J. T. Cole was rather heavily involved unto the Lindsey Mercantile Company and in order to secure said indebtedness had executed promissory notes in favor of the company and had made three special mortgages, two on real estate owned by him and one on certain livestock.

On August 17, 1925, the Lindsey Mercantile Company brought suit on all three of the notes and on September 24, 1925, obtained judgment by default against Cole for the full amount sued for, with recognition of its mortgages against the property described in the several acts of mortgage.

On October 9th following it procured the issuance of a writ of fi. fa. under said judgment, causing the two mules in controversy to be seized, and this suit followed.

The two mules seized were not included in the chattel mortgage given by Cole to the company; therefore the company had no privilege on them.

It is alleged in answer of the company that the mules included in the chattel mortgage were traded by Cole for those now in controversy and that therefore the mortgage should be held to operate against the latter.    That point, however, is not pressed by counsel. If it were, we should hold that the chattel mortgage affected only the property specifically described therein and did not operate against the mules in controversy.

Not only was Cole indebted to the defendant company but he was indebted to Heard, the plaintiff, also.    To secure his indebtedness to Heard he mortgaged the two mules in controversy on December 28, 1924, making a chattel mortgage note for $102.00 due on February 1, 1925.    This was some eight months prior to the date on which the defendant brought suit against Cole.    Cole owed Heard, it seems, additional amounts, his whole indebtedness to Heard totalling approximately $300.00.    In the fall of 1925 Heard, it seems, was pressing Cole for a settlement.    Having no money with which to pay Heard, Cole transferred said mules to him, the consideration being a sum of money, said by some to be $125.00 and by others only $50.00, in cash and the cancellation of the debt.    The transfer of the mules by Cole to Heard was made in the presence

of Joe Moore and Earl Moore, who testify that they were called to witness the sale. This was about a week before the mules were seized by the defendant.

The defendant does not attack this transfer on the ground that it was made to defraud it or that Cole intended thereby to give an unfair preference to Heard, another creditor. But it grounds its defense solely upon the proposition that there was in fact no transfer by Cole to Heard. This being its only defense, we must hold that the case is with the plaintiff.

Cole testified positively that he sold the mules to Heard, delivered them and that he received as consideration some cash and a release from the debt. His testimony is corroborated by that of Joe and Earl Moore who were present and witnessed the transfer. Defendant offered no testimony.

On cross-examination of plaintiff's witnesses counsel for defendant brought out the fact that the mules were in Cole's possession at the time of the seizure and had never been in Heard's possession for any length of time.

Cole testified that a day or two after he sold and delivered the mules to Heard he repossessed them under a lease from Heard, and Gilbert Mabry and E. E. Buckley testified that they were present and heard the agreement between Heard and Cole to the effect that Cole was to be allowed to use the mules during the ginning season for a consideration of $30.00, and there was produced on the trial and filed in evidence a written instrument evidencing such agreement. The instrument is not signed by Heard but is signed by Cole and bears the signatures of Mabry and Buckley as witnesses.

As the only defense is that there was in fact no transfer of the property and as all the testimony shows that there was and that a valuable and sufficient consideration was given, the plaintiff must prevail.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.